UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thai D.,[1] | File No. 26-CV-1744 (JMB/DLM) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary of Homeland Security*; Todd M. Lyons, *Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; Joel Brott, *Sheriff of Sherburne County Jail*; | **ORDER** |
| Respondents. | |

Elizabeth Sue Eckholm and Nicholas Ratkowski, Ratkowski Law PLLC, St. Paul, MN, for Petitioner Thai D.

Jesus Cruz Rodriguez and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Marcos Charles, David Easterwood, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

This matter is before the Court on Petitioner Thai D.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Marcos Charles, David Easterwood, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT[2]

1. Thai D. is a citizen of Vietnam. (Pet. ¶ 2.) He entered the United States in or around 1981 as a refugee. (*Id.*) He was admitted after inspection by an immigration official and subsequently became a lawful permanent resident of the United States. (*Id.*)

2. He is subject to the 2020 Memorandum of Understanding between Vietnam and the United States relating to repatriation of pre-1995 Vietnamese immigrants. (*Id.*)

3. Thai D. was ordered removed from the United States on January 20, 2005. (*Id.* ¶ 2.) Thai D. waived appeal, rendering the removal order administratively final on January 20, 2005. (*Id.*)

4. Since the issuance of the final order or removal, there is no evidence that Thai has committed any criminal offense, although was convicted of possession with intent to distribute marijuana prior to the issuance of the removal order.

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

5. At some point after Thai D. was ordered removed, he was placed on an Order of Supervision pursuant to 8 C.F.R. §§ 241.5 and 241.13 due to evidence that there was no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* ¶ 4.) There is no evidence that Thai D. violated any conditions of the Order of Supervision.

6. Respondents took Thai D. into physical custody on February 12, 2026, while Thai D. was attending a regularly scheduled ICE check-in. (*Id.* ¶ 5.)

7. On the day of arrest, Respondents gave Thai D. a "Notice of Revocation of Release," which stated that his release had been revoked because he "[f]ailed to to [sic] apply for travel document [sic] to return to Vietnam,"[3] "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future," and "ICE is seeking a travel document to effect [his] expeditious removal to Vietnam." (Doc. No. 7-2.)

8. Also after Thai D.'s arrest, Respondents conducted an informal interview of Thai D. to permit him an opportunity to respond to ICE's reasons for revoking his release. (Doc. No. 7-1.)

9. On March 4, 2026, Thai D. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) He seeks immediate release, subject to the conditions of his prior Order of Supervised Release. (*Id.* at 29.) Among other arguments, Thai D. claims that his February 12, 2026, re-detention violates his due process rights because he has been re-detained "in the absence of changed circumstances capable of rebutting his

---

[3] The Court is unable to identify any condition of release requiring Thai D. to apply for any travel documentation. (*See* Doc. No. 7-4 at 1–2 (listing conditions).)

3

prior showing of no significant likelihood of removal in the reasonably foreseeable future," he has not received sufficient written notice of the reasons for his re-detention, he has not received an individualized post-detention interview, and his re-detention has not been reviewed or authorized by any member of the Headquarters Post-order Detention Unit, Executive Associate Commissioner, or District Director. (*Id.* ¶ 22.)

10. On March 4, 2026—the same day that Thai D. filed his Petition, and more than three weeks after Thai D.'s arrest—Respondents submitted a request for translation of documents needed in a travel document package to be translated from English to Vietnamese. (Doc. No. 7 ¶ 12.)

11. Thai D. remains detained. (*Id.* ¶ 13.)

## DISCUSSION

Thai D. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition requests that the Court declare that his current detention is unlawful and order Respondents to release him from custody subject to the conditions of his previous Order of Supervision. (Pet. at 26.) For the reasons discussed below, the Court grants the Petition.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's

4

history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention."  *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition.  Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final.  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Because Thai D. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Thai D.'s current re-detention.

**B.    Violations of Regulations Governing Revocation of Supervised Release**

Thai D. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision,

violated applicable regulations by re-detaining him. As discussed below, the Court agrees.[4]

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[5] Government agencies are required to follow their own regulations. *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025). Section 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. 8 C.F.R. § 241.13(g). The parties agree that section 241.13 applies to Thai D.'s case. (*See, e.g.*, Pet. ¶¶ 4–6, 22; Doc. No. 6 at 5–6.)

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. 8 C.F.R. § 241.13(i). Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the

---

[4] Thai D. also asserts that his re-detention violated the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 104–113.) Because the Court finds that ICE has violated its own regulations in re-detaining Thai D., such that his current detention is unlawful, the Court does not reach these alternative arguments.

[5] The Court uses the term "noncitizen" instead of the term "alien."

noncitizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. *Id.* § 241.13(i)(3). Section 241.13 also places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13. Respondents have provided no argument or documentation identifying any changed circumstances in Thai D.'s case or establishing that ICE made any reasoned determination prior to Thai D.'s arrest that he is significantly likely to be removed in the reasonably foreseeable future "*on account of* changed circumstances." 8 C.F.R. § 241.13(i)(2) (emphasis added). Indeed, the only statement made to this Court is that Respondents began requesting translation of unspecified travel documents for Thai D. on March 4, 2026—almost a month after taking him into custody. (Doc. No. 7 ¶ 12.) Further, there is no evidence that Respondents complied with their obligation to notify Petitioner "[*u*]*pon* revocation" of "the reasons for revocation." 8 C.F.R. § 241.13(i)(3) (emphasis added).

Accordingly, Thai D. has shown that ICE's re-detention of him on February 12, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2). Thai D. must be released immediately.

7

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Petitioner Thai D.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED in part and DENIED in part as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota subject to the conditions of his prior Order of Supervision, and in any event no later than <u>4:00 p.m. CT on March 10, 2026</u>.

2. On or before <u>11:00 a.m. CT on March 11, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota subject to the conditions of his prior Order of Supervision in accordance with this Order.  Counsel shall also file a declaration on or before <u>11:00 a.m. CT on March 11, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on March 11, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. Respondents are prohibited from arresting or re-detaining Thai D. related to any immigration proceedings without first complying with all regulations that, as set forth above, apply to a decision to revoke orders of supervision.

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

5. Thai D. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 9, 2026                  /s/ *Jeffrey M. Bryan*
                                                                       Judge Jeffrey M. Bryan
                                                                       United States District Court