# UNITED STATES DISTRICT COURT

## District of Minnesota

## JUDGMENT IN A CIVIL CASE

Thai Van Dinh,

Petitioner(s),

v.

Case Number: 26-cv-1744 JMB/DLM

Pamela Bondi, Kristi Noem, Todd M. Lyon, Marcos Charles, David Easterwood, U.S. Immigration & Customs Enforcement, U.S. Department of Homeland Security and Joel Brott,

Respondent(s).

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED THAT:**

Petitioner Thai D.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED in part and DENIED in part as follows:

1. Respondents are ORDERED to release Petitioner from custody immediately in Minnesota subject to the conditions of his prior Order of Supervision, and in any event no later than 4:00 p.m. CT on March 10, 2026.

2. On or before 11:00 a.m. CT on March 11, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota subject to the conditions of his prior Order of Supervision in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on March 11, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a

declaration on or before 11:00 a.m. CT on March 11, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. Respondents are prohibited from arresting or re-detaining Thai D. related to any immigration proceedings without first complying with all regulations that, as set forth above, apply to a decision to revoke orders of supervision.

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

5. Thai D. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Date: 3/9/2026

KATE M. FOGARTY, CLERK